IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ) | |
| ) | Bankruptcy Case No.: 16-21544-CMB |
| DAVID WARD BUCKLEY, and, ) | |
| PATRICIA TABORSKI BUCKLEY ) | Chapter 7 |
| ) | |
| Debtor. ) | Docket No.: _____ |
| ) | |
| JEFFREY J. SIKIRICA, TRUSTEE ) | **Related to Docs. 49, 51 & 53** |
| ) | |
| Movant, ) | Hearing Date: November 17, 2016 |
| vs. ) | Hearing Time: 2:30 p.m. |
| ) | |
| PNC BANK, NATIONAL ) | |
| ASSOCIATION, its successors and/or ) | |
| assigns, aka, PNC BANK, NATIONAL ) | |
| ASSOCIATION, successor by merger to ) | |
| NATIONAL CITY BANK OF ) | |
| PENNSYLVANIA, PNC BANK, ) | |
| NATIONAL ASSOCIATION, successor ) | |
| by merger to NATIONAL CITY BANK ) | |
| OF PENNSYLVANIA, CITIZENS ) | |
| BANK OF PENSYLVANIA, and, ) | |
| AMERICAN EXPRESS BANK FSB ) | |
| ) | |
| Respondents. ) | |

**ORDER CONFIRMING SALE OF REAL PROPERTY FREE AND DIVESTED OF LIENS, CLAIMS AND ENCUMBRANCES**

AND NOW this **17th** day of **November**, 2016, on consideration of this "Motion For Order Approving Sale of Real Property Free and Clear of Liens, Claims and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and F.R.B.P. Nos. 2002 and 6004 and W.PA.LBR 6004-1 and 9013-3" (hereinafter the "Sale Motion") filed by Jeffrey J. Sikirica, Chapter 7 Trustee for David Ward Buckley and Patricia Taborski Buckley (hereinafter the "Trustee"), after notice and hearing held on November 17, 2016 at 2:30 p.m. before Judge Carlota M. Bőhm in Courtroom B, 54th Floor, U.S. Steel Tower, 600 Grant Street, Pittsburgh, PA 15219 ( hereinafter the "Sale Hearing"), this Court finds:

1. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding by Bankruptcy Rule 9014.

2. This Court has jurisdiction to hear and determine the within matter pursuant to 28 U.S.C. §§157 and 1134.

3. Venue is proper pursuant to 28 U.S.C. §1409(a).

4. Determination of the relief sought at the Sale Hearing is a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N). The statutory predicates for the relief provided for herein are Bankruptcy Code §§105 and 363 and Bankruptcy Rules 2002 and 6004 and W.PA.LBR 6004-1 and 9013-3.

5. That Service of the Notice of Hearing, the Notice of Sale and the Sale Motion, was properly made on the above named Respondents.

6. That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the moving party shown by the certificates of service duly filed and that the named parties were duly served with the Motion.

7. That the Sale Hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c) on **October 17, 2016**, in the **Pittsburgh Post-Gazette** on **October 21, 2016** and in the **Pittsburgh Legal Journal** on **October 21, 2016**, as shown by the Proofs of Publication duly filed in this Bankruptcy case.

8. That the sale of the **Real Estate** as contemplated by the Sale Motion is being made **AS IS, WHERE IS and WITH ALL FAULTS** and with no representations and/or warranties of any kind.

9. That at the Sale Hearing, all objections to the sale, if any, were heard and overruled.

Now therefore, **IT IS ORDERED, ADJUDGED and DECREED** that the sale of the real property owned by the Debtor described as 3971 Catherine Drive, Allison Park, Allegheny County, Pennsylvania 15101 and identified as Tax Parcel No. 0720-J-00103-0000-00, as recorded in the Allegheny County Recorder of Deeds Office at Deed Book Volume 9707, Page 44, (hereinafter "Real

Estate") is hereby CONFIRMED to **Shanna Franceschelli or her assigns** for **Two Hundred Five Thousand One Hundred Dollars and No Cents ($205,100.00) with a Seller Assist of Five Thousand Dollars and No Cents ($5,000.00) for a net purchase price of Two Hundred Thousand One Hundred Dollars and No Cents ($200,100.00)** free and divested of all liens and claims, including, but not limited to, those of the above named Respondents, and, that the Chapter 7 Trustee is authorized to make, execute and deliver to the Purchaser above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the sale terms.

**IT IS FURTHER ORDERED**, that at the closing of the sale, the following shall be paid:

a. Real estate transfer taxes estimated in the amount of Two Percent and one-half (2-1/2%) of the final sales price to be prorated between the Successful Bidder and the Debtor;

b. Real estate taxes for the school district, county and Township, including all delinquent real estate taxes due on the date of the closing;

c. Municipal liens for sewage and water due on the date of the closing;

d. Real estate broker's commission and fees of Six Percent (6%) of the final sale price plus Three Hundred Ninety-Five Dollars and No Cents ($395.00),

e. Normal miscellaneous closing costs related to documentation, lien letters, etc.,

f. The PNC Bank, National Association, successor by merger to National City Bank, successor by merger to National City Bank of Pennsylvania mortgage balance which is filed at Allegheny County Recorder of Deeds Mortgage Book 24027 Page 447,

g. The National City Bank of Pennsylvania now PNC Bank, National Association successor by merger to National City Bank open end mortgage filed at Allegheny County Recorder of Deeds Mortgage Book 19620 Page 295 shall be paid Three

3

Thousand Three Hundred Seventy-Nine Dollars and twenty-seven cents ($3,379.27) as full satisfaction of this mortgage,

h. A carve out to the Debtors' Bankruptcy Estate, made payable to "Jeffrey J. Sikirica, Trustee", for Chapter 7 Administrative Trustee Fees and Expenses, Chapter 7 Administrative Attorney Fees and Expenses, Chapter 7 Administrative Accountant Fees and Expenses, allowed priority and unsecured claims, in the amount of Twenty-Five Thousand Dollars ($25,000.00) per the "Carve Out Agreement" with PNC#2 as set forth in Exhibit "A" **to the Sale Motion**,

i. The balance of the proceeds shall be paid to PNC Bank, National Association, successor by merger to National City Bank, successor by merger to National City Bank of Pennsylvania mortgage filed at Allegheny County Recorder of Deeds Mortgage Book 20360 Page 122, and,

j. The National City Bank of Pennsylvania now PNC Bank, National Association successor by merger to National City Bank open end mortgage filed at Allegheny County Recorder of Deeds Mortgage Book 24463 Page 278 shall receive no payment as there is no amount is due.

**IT IS FURTHER ORDERED** that the Successful Bidder acted in good faith with respect to the within sale in accordance with the *In re Abbots Dairies of Pennsylvania, Inc.*, 788 F.2d. 143 (3d Cir. 1986).

**IT IS FURTHER ORDERED** that the Successful Bidder Purchase Price was the highest and best offer made at the Sale Hearing and is a fair and reasonable price for the **Real Estate**.

**IT IS FURTHER ORDERED** the sale is "**AS IS, WHERE IS and WITH ALL FAULTS**" and with no representations and/or warranties of any kind expressed or implied.

**IT IS FURTHER ORDERED** that the Chapter 11 Trustee is authorized to make and execute on behalf of the Debtor any and all documents necessary to transfer title to the **Real**

**Estate**. The deed provided by the Trustee to transfer the **Real Estate** shall be by "Special Warranty Deed".

**IT IS FURTHER ORDERED** that the sale of the **Real Estate** to the Successful Bidder shall be free, clear and divested of any and all liens, claims and encumbrances, and the liens, claims, interests and encumbrances listed in paragraphs 7, 8, 9, 10, 11, 12, 13 and 14 of the Sale Motion, in accordance with Sections 105(a) and 363 of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that said liens, claims and encumbrances, including but not limited to those liens, claims, interests and encumbrances listed in paragraphs 8, 9, 10, 11 and 12 of the Sale Motion, [more specifically, Allegheny County Recorder of Deeds Mortgage Book 24027 Page 447, Court of Common Pleas of Allegheny County at MG-15-001578, Allegheny County Recorder of Deeds Mortgage Book 20360 Page 122, Court of Common Pleas of Allegheny County at MG-15-000532, Court of Common Pleas of Allegheny County at GD-15-000011, Court of Common Pleas of Allegheny County at GD-13-021146, Court of Common Pleas of Allegheny County at AR-14-005035, Allegheny County Recorder of Deeds Mortgage Book 24042 Page 269, and, Allegheny County Recorder of Deeds Mortgage Book 24463 Page 278] to which the **Real Estate** is being sold free, clear and divested of, be, and hereby are divested from the **Real Estate**, and, if and to the extent they may be determined to be valid liens, claims, interests and encumbrances against the **Real Estate**, shall transfer to the proceeds of the sale.

**IT IS FURTHER ORDERED** that closing shall occur on or before December 16, 2016 (the "Closing Date").

**IT IS FURTHER ORDERED** that pursuant to W.PA.LBR. 6004-1(c)(4), within seven (7) calendar days of the Closing Date, the Trustee shall file a report of sale.

**IT IS FURTHER ORDERED** that this Order survives any dismissal or conversion of the above captioned bankruptcy case.

BY THE COURT:

FILED
11/17/16 3:47 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

Carlota M. Bőhm
Judge United States Bankruptcy Court

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
David Ward Buckley  
Patricia Taborski Buckley  
     Debtors

Case No. 16-21544-CMB  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-2     User: dric     Page 1 of 1     Date Rcvd: Nov 17, 2016  
                      Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 19, 2016.  
db/jdb       David Ward Buckley,   Patricia Taborski Buckley,   3971 Catherine Drive,   Allison Park, PA 15101-3104

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.    TOTAL: 0

       ***** BYPASSED RECIPIENTS *****  
NONE.    TOTAL: 0

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 19, 2016                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 17, 2016 at the address(es) listed below:  
        Andrew F Gornall    on behalf of Creditor    PNC Bank, National Association agornall@goldbecklaw.com, bkgroup@goldbecklaw.com;bkgroup@kmllawgroup.com  
        Jeffrey J. Sikirica    trusteesikirica@consolidated.net, PA59@ecfcbis.com;a.a.farrell@comcast.net;KTosadori@bglaw-llp.com;JSikirica@bglaw-llp.com  
        Jeffrey J. Sikirica    on behalf of Trustee Jeffrey J. Sikirica jsikirica@bglaw-llp.com, SikiricaLaw@consolidated.net;A.A.Farrell@comcast.net;KTosadori@bglaw-llp.com;JSikirica@bglaw-llp.com  
        Joshua I. Goldman    on behalf of Creditor    PNC Bank, National Association bkgroup@kmllawgroup.com  
        Justin M. Tuskan    on behalf of Creditor    PNC Bank, National Association jtuskan@metzlewis.com  
        Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov  
        Peter J. Ashcroft    on behalf of Creditor    Duquesne Light Company pashcroft@bernsteinlaw.com, ckutch@ecf.courtdrive.com;pashcroft@ecf.courtdrive.com;pghecf@bernsteinlaw.com;cabbott@ecf.courtdrive.com  
        Robert W. Koehler    on behalf of Debtor David Ward Buckley rkoehler@pghlaw.com, hobkin.koehler@aim.com  
        Robert W. Koehler    on behalf of Joint Debtor Patricia Taborski Buckley rkoehler@pghlaw.com, hobkin.koehler@aim.com  
                                                        TOTAL: 9